This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **No. A-1-CA-35959**

**ANTHONY GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Emilio J. Chavez, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}      Defendant appeals his convictions for second-degree murder, three counts of aggravated assault, and shooting at a dwelling. We filed a notice of proposed summary disposition proposing to affirm Defendant's conviction but, in an issue we raised *sua sponte*, to reverse the firearm enhancements added to the sentences imposed for the three aggravated-assault convictions. Defendant filed a memorandum opposing the proposed affirmance of his convictions and supporting the proposed reversal of the firearm enhancements. The State filed a notice indicating it will not submit a memorandum opposing the proposed reversal of those enhancements. We have given careful consideration to the arguments made in Defendant's memorandum in opposition. However, we affirm Defendant's convictions for the reasons stated in this opinion and in the notice of proposed summary disposition, and we reverse the firearm enhancements added to the aggravated-assault convictions.

{2}      The only substantive issue raised in the docketing statement was a double-jeopardy challenge to the sentences for two of the aggravated-assault convictions—the two sentences that were run consecutively rather than concurrently to the sentence for the murder conviction. We note that if Defendant's double-jeopardy argument were meritorious, we would need to vacate not just the sentences imposed for the two aggravated-assault convictions, but all three assault convictions themselves. *See, e.g.*, *State v. Santillanes*, 2001-NMSC-018, ¶ 28, 130 N.M. 464, 27 P.3d 456 (noting that

concurrent sentencing is not an adequate remedy for the imposition of multiple punishments for a single offense; rather, one of the convictions must be vacated). Defendant contended that the aggravated-assault convictions violate double jeopardy because they resulted from unitary conduct, an incident in which he fired eight shots at the victim of the murder charge while a number of bystanders were in close proximity to the victim. In our notice we analyzed the question as follows: first, we proposed to find that the conduct was unitary, because it consisted of quickly firing a number of shots and striking a single victim; then, we proposed to find that the Legislature intended to separately punish murder and assault, and that the presence of a number of assault victims in this case, as well as the murder victim, justified the separate convictions for aggravated assault and second-degree murder. In proposing to so hold we relied on *State v. Branch*, 2016-NMCA-071, ¶¶ 28-29, 387 P.3d 250, *cert. granted*, 2016-NMCERT-___, ___ P.3d ___, a case in which we upheld the defendant's convictions for aggravated battery as well as assault, where the defendant fired one shot and hit his son in the leg while his wife was standing next to their son.

{3}     In his memorandum in opposition Defendant does not discuss the *Branch* opinion at all, which is not surprising since we do not see a principled way to distinguish the facts of that case from the facts in this one. Both cases involved a shot or shots with a firearm that struck only one victim, and both cases involved bystanders

3

to the shooting that were put in fear by the shots fired at the victim. Although Defendant argues the underlying theories of double jeopardy and legislative intent, we find the *Branch* analysis to be controlling and, applying that analysis, we affirm Defendant's convictions for aggravated assault.

{4}     Given the State's notice that it will not oppose reversal of the firearm enhancements applied to the three sentences imposed for the aggravated-assault convictions, we need not discuss the merits of that issue in depth. We do note, however, that a different section of the *Branch* opinion seems to be directly on point with respect to this issue, and justifies reversal of the enhancements. *See id.* ¶¶ 30-38.

{5}     Based on the foregoing, as well as the discussion set out in more detail in the notice of proposed summary disposition, we affirm Defendant's convictions but reverse the firearm enhancements added to his sentences for aggravated assault.

{6}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____

4

**TIMOTHY L. GARCIA, Judge**